# EXHIBIT I

Case 4:20-cv-04156 Document 1-9 Filed on 12/04/20 in TXSD Page 2 of 9

11/6/2020 2:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47889739
By: Iris Collins
Filed: 11/6/2020 2:29 PM

NO. 2020-02884

| | | |
|---|---|---|
| **BASHAR MARDINI** | § | IN THE DISTRICT COURT OF |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **TXSC ENTERPRISES, LLC,** | § | |
| **HICKORY CONTAINERS GROUP,** | § | |
| **INC. AND VLADIMIR PIERRE** | § | |
| **BELLON** | § | **113TH JUDICIAL DISTRICT** |

**DEFENDANT THE ENGY GROUP, LLC'S FIRST AMENDED ANSWER
AND CROSS-CLAIM AGAINST VLADIMIR BELLON AND STASH BELLON**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now The Engy Group, LLC ("Engy"), one of the Defendants in the above styled and numbered cause, and files (i) Engy's First Amended Answer to Plaintiff Bashar Mardini's ("Mardini") First Amended Petition, and (ii) Engy's Cross-Claims against Vladimir Pierre Bellon ("Vladimir Bellon") and Francois-Stanislas Bellon ("Stash Bellon"), and in support thereof would respectfully show the following:

**I.
General Denial**

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Engy enters a general denial of all matters pleaded by Plaintiff and respectfully requests the Court to require Plaintiff to prove his charges and allegations as required by the Constitution and the laws of the State of Texas. Engy reserves the right to amend this Answer, as is its right and privilege under the Texas Rules of Civil Procedure and the laws of the State of Texas.

**II.
Affirmative and Other Defenses**

2. Without assuming any burden other than that imposed by Texas law, Engy states the following as either affirmative defenses or other matters in defense or rebuttal to Plaintiff's allegations, as may be applicable, each of which is stated additionally and in the alternative:

a. Plaintiff's claims against Engy are barred, in whole or in part, by Plaintiff's own knowledge and/or lack of reasonableness/prudence;

b. Engy pleads that Stash Bellon and Vladimir Bellon lacked actual and/or apparent authority to act or purport to act on behalf of Engy;

c. Plaintiff's promissory note is ineffective as to Engy. Engy did not consent in writing or otherwise to the promissory note and had no knowledge of such promissory note;

d. Plaintiff's claims are barred, in whole or in part, by estoppel, waiver and/or acquiescence.

e. Plaintiff's claims are barred, in whole or in part, due to fraud on behalf of Vladimir Bellon and/or Stash Bellon;

f. Plaintiff's claims are barred, in whole or in part, by intervening cause of Vladimir Bellon and/or Stash Bellon;

g. Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

h. Plaintiff's claims are barred, in whole or in part, by the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code;

i. Plaintiff's claims are barred, in whole or in part, by principles of contributory negligence;

j. Plaintiff's claims are barred, in whole or in part, due to the election of remedies;

k. Plaintiff's claims are barred, in whole or in part, as Engy was not a party to any contract with Plaintiff; and

   l.  Engy denies the occurrence of the conditions precedent to Plaintiff's claim(s).

### III.
### Rule 193.7 Notice

3. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Engy hereby gives actual notice to Plaintiff and Cross-Defendants that any and all documents produced in this matter may be used against Plaintiff or Cross-Defendants at any pretrial proceeding and/or at the trial of this matter, without necessity of authenticating such document.

### IV.
### Cross-Claims

4. Separately from the foregoing answer, Cross-Claimant Engy, by way of cross-claim asserts that Stash Bellon and/or Vladimir Bellon are or may be liable to Engy for all or part of the claims asserted by Plaintiff in the above-styled cause, and in support thereof would respectfully show the Court the following:

**Discovery Control Plan**

5. Engy intends that discovery be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

**Parties**

6. Cross-Defendant Vladimir Bellon is an individual that has made a general appearance in this matter. Vladimir Bellon is represented by Brice B. Beale of Hoover Slovacek LLP.

7. Cross-Defendant Stash Bellon is an individual that has made a general appearance in this matter. Stash Bellon is represented by Brice B. Beale of Hoover Slovacek LLP

8. Cross-Claimant Engy has already appeared and answered in this matter.

**Jurisdiction and Venue**

9. This Court has personal jurisdiction and subject matter jurisdiction over the parties and subject matter of this dispute. Stash Bellon and Vladimir Bellon have already made general appearances in this matter. Venue is proper because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. *See* TEX. CIV. PRAC. & REM. CODE 15.002.

**Rule 47 Statement**

10. Engy seeks damages that are within the jurisdictional limit of this Court. Engy seeks only monetary relief of over $250,000.00 but not more than $1,000,000.00.

**Conditional Cross-Claims and Alternative Allegations.**

11. Engy fully denies any and all liability to Plaintiff. However, in the event Engy is held liable, in whole or in part, Engy states the following conditional cross-claims and alternative allegations.

12. At all times relevant to this dispute, neither Stash Bellon or Vladimir Bellon had actual or apparent authority to enter into any agreements or to issue any commercial paper on Engy's behalf. Additionally, Stash Bellon and Vladimir Bellon did not have actual or apparent authority to make representations on behalf of Engy, and any apparent representations made by them purportedly on behalf of Engy are fraudulent and without authority. Any representations made by Stash Bellon and/or Vladimir Bellon purporting to act on behalf of Engy have damaged Engy and its reputation.

13. To the extent Engy is found liable in connection with Plaintiff's claims, Stash Bellon and/or Vladimir Bellon are liable to Engy on the basis of:

4

### Claim 1: Breach of Fiduciary Duty of an Agent (And Other Agency Duties).

14. If found to be an agent of Engy, Stash Bellon owed a fiduciary duty to act loyally and for Engy's benefit in all matters connected with the agency relationship.

15. If found to be an agent of Engy, Stash Bellon owed Engy a duty to not use Engy's property for his own purposes or those of a third party.

16. If found to be an agent of Engy, Stash Bellon owed Engy a duty not to use or communicate Engy's confidential information for his own purpose or the purpose of a third party.

17. Stash Bellon breached the above-mentioned duties to Engy, if he committed the acts alleged by the Plaintiff. Engy did not consent to any of Stash Bellon's alleged actions.

18. Stash Bellon's breach(es) proximately caused Engy to suffer injury, including but not limited to any liability apportioned to Engy by reason of Plaintiff's claims and the costs of defending against the Plaintiff's claims.

19. The above-described breach resulted in a benefit to Stash Bellon.

20. Additionally, Vladimir Bellon, knowing that Stash Bellon was in breach of his duties, knowingly provided substantial assistance in aid of Stash Bellon's breach(es).

### Claim 2: Civil Conspiracy.

21. Stash Bellon and Vladimir Bellon worked in concert and agreed to accomplish the object of securing a loan from Plaintiff. If Plaintiff's allegations are found to be true, which Engy denies, Stash Bellon and Vladimir Bellon committed several wrongful and overt acts, including but not limited to the breaches of duties described above. Stash Bellon and Vladimir Bellon's actions have proximately caused Engy to suffer damages.

### Claim 3: Joint Enterprise

22. Stash Bellon and Vladimir Bellon had an agreement, whether express or implied, to carry out the common purpose of securing a fraudulent loan.

23.     Stash Bellon and Vladimir Bellon had a common pecuniary interest in carrying out the common purpose of securing a fraudulent loan, and they had an equal right direct or control the enterprise.  As a result, Stash and Vladimir Bellon are jointly and severally liable.

### Claim 4: Contribution

24.     If Plaintiff recovers by reason of the allegations in this suit, Stash and Vladimir Bellon's wrongful acts and/or omissions will have proximately caused Engy to suffer damages. As a result, Plaintiff is entitled to contribution under Chapter 33 of the Texas Civil Practice and Remedies Code.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant and Cross-Claimant, Engy, prays that Plaintiff take nothing by his suit, and as Cross-Claimant, Engy have and recover judgment against Cross-Defendants Stash Bellon and Vladimir Bellon for damages, including actual and exemplary damages, reasonable attorney's fees, costs of collection, costs of court, and such interest, before and after judgment, as allowed by law, together with such other and further relief, general and special, in law or in equity, to which it may show itself entitled.

Respectfully submitted,

MCGINNIS LOCHRIDGE LLP

By: */s/ Jonathan D. Baughman*

Jonathan D. Baughman
State Bar No. 24029074
William K. Grubb
State Bar No. 24107793
MCGINNIS LOCHRIDGE LLP
609 Main St., Suite 2800
Houston, Texas 77002
(713) 615-8500
(713) 615-8585 Fax
*jbaughman@mcginnislaw.com*
*wgrubb@mcginnislaw.com*

Martin Lutz
State Bar No. 12709900
MCGINNIS LOCHRIDGE LLP
600 Congress Ave., Suite 2100
Austin, Texas 78701
(512) 495-6000
(512) 495-6093 Fax
*mlutz@mcginnislaw.com*

***Attorneys for Defendant The Engy Group, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that, on November 6, 2020, a true and correct copy of the foregoing document was served vie electronic filing, to all counsel of record as shown below pursuant to the Texas Rules of Civil Procedure:

Bien C. Tran
Bush & Ramirez, PLLC
5615 Kirby Dr., Suite 900
Houston, Texas 77005
*btran@bushramirez.com*

**Attorneys for Plaintiff**

Brice B. Beale
Hoover Slovacek LLP
Galleria Tower II
5050 Westheimer, Suite 1200
*beale@hooverslovacek.com*

**Attorney for Vladimir Pierre Bellon, Francois-Stanislas Bellon, TXSC Enterprises, LLC**

                                        */s/  Jonathan D. Baughman*
                                        Jonathan D. Baughman